UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GWENDOLYN E. HARRIS,

                Plaintiff

    -against-

NEW YORK MORTGAGE COMPANY, LLC
JOSEPH FIERRO, Individually,

                Defendants

---------------------------------------------------------------X

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

**06 CIV. 7842**

**JUDGE PRESKA**

FILED SEP 29 2006 USDC WP SDNY

Plaintiff, Gwendolyn E. Harris, by and through her attorneys, Jones Garneau, LLP, as and for her complaint against the Defendants, alleges:

I.    PARTIES

1. Plaintiff, Gwendolyn Harris, is a citizen of the United States, and resides in Totowa, New Jersey.

2. Defendant, New York Mortgage Company, LLC (hereinafter "New York Mortgage") has its principal place of business at 1301 Avenue of the Americas, 7th Floor, New York, NY 10019, New York County. Upon information and belief, New York Mortgage is a limited liability corporation, existing under the laws of the State of New York. Upon information and belief, it employs approximately eight hundred employees. At all times relevant to the instant matter, Defendant Joseph Fierro was the Chief Operating Officer, employed by New York Mortgage. Upon information and belief, Defendant Fierro is a resident of New York County.

1

II.   JURISDICTION

3.   This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 (3) and (4), and supplemental jurisdiction pursuant to 28 U.S.C. §1367. It may award Plaintiff her attorneys' fees and costs arising from this litigation pursuant to 29 U.S.C. §626(b), 42 U.S.C. §2000e-5(k), 42 U.S.C §1988, and New York City Human Rights Law, New York City Administrative Code, Title 8, 8-107 et. seq.

4.   On or about April 4, 2006, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunities Commission. On or about July 8, 2006, Plaintiff received a right to sue letter. As such, Plaintiff has exhausted her administrative remedies and herein timely invokes the jurisdiction of this Court.

III. FACTUAL ALLEGATIONS

5.   Plaintiff is an African American female. She is presently fifty-eight years old. She was hired by Defendant New York Mortgage as a Supervisor of its Loan Servicing Department on or about November 12, 2003. She has approximately thirteen years of experience in the mortgage loan servicing business, and seven years of experience in related businesses. Among other things, she supervised the staff of five members in New York Mortgage's loan servicing department.

6.   She initially reported to Anna Marin, the Comptroller, who reported to the Chief Financial Officer Bella Karas. Plaintiff then reported directly to Karas. Karas reported to Defendant Fierro. Mr. Fierro is a white male of Italian American heritage.

7.   In or about April 2004, Mr. Fierro informed Plaintiff that Tony De Amorin would be working with New York Mortgage on its computer systems. Mr. Fierro directed

2

her to give Mr. De Amorin information about New York Mortgage's Loan Servicing Department. She came to learn that Mr. De Amorin was not just working on the computer system, but that he was given a permanent position at New York Mortgage by Defendant Fierro with the title of Vice President and that he was going to be her supervisor. Mr. De Amorin had no professional experience specific to mortgage loan servicing. Upon information and belief, Mr. De Amorin is a white male of Portugese American heritage.

8. Plaintiff was never told of the opening for the Vice President's position for the Loan Servicing Department, nor was she ever given an opportunity to apply or be considered for the same, despite the fact that she had been performing the same duties and responsibilities that were given to the Vice President, Mr. De Amorin. Upon information and belief, the Vice President's salary pays a significantly higher salary than the salary that Plaintiff received as a Supervisor.

9. In or about November 7, 2005, New York Mortgage terminated Mr. De Amorin, upon information and belief, because he was unable to supervise the Loan Servicing Department as he had no experience in the field. Plaintiff was told the same by Defendant Fierro in a conversation on that day with him and an Executive Vice President, Elyse Sullivan.

10. In or about November 7, 2005, Mr. Fierro told Plaintiff that Ms. Anna Frange would be helping Plaintiff with the Loan Servicing Department. Mr. Fierro told Plainitff that she should help train Ms. Frange about New York Mortgage's Loan Servicing Department. Ms. Frange was a Vice President. Plaintiff then came to learn that Ms. Frange was going to be Plaintiff's supervisor in the Loan Servicing Department. Upon information and belief,

3

Ms. Frange had no experience specific to the mortgage loan servicing industry. Ms. Frange is a white female of Italian American heritage and is approximately 40 years old.

11. Plaintiff was never told of the opening for the Vice President's position for the Loan Servicing Department, nor was she ever given an opportunity to apply or be considered for the same. Upon information and belief, the Vice President's salary pays a significantly higher salary than her supervisor's salary.

12. Plaintiff's first evaluation after her first year of employment with New York Mortgage was strong and positive. Plaintiff was never given a second year review.

13. On or about January 13, 2006, New York Mortgage terminated Plaintiff. Upon information and belief, Plaintiff was terminated at the direction of Mr. Fierro. Plaintiff was told that her position was eliminated, when really her duties and responsibilities were given to Ms. Frange and a collector, Roberto Rivera, who is under the age of forty years old. Plaintiff was not offered any other employment with New York Mortgage.

14. Upon information and belief, none of the executives or high-level administrators at New York Mortgage are non-white.

15. Plaintiff was treated differently from white male and female employees at New York Mortgage and her age, race and national origin were factors in the treatment that she received. If she was not black or was younger, she would not have been denied promotional opportunities and would not have been terminated in the circumstances that she was. If she was not black or was younger, she would still be employed by the New York Mortgage and would be employed and compensated as one of its Vice Presidents.

16. Defendants' actions have caused her severe emotional distress.

4

IV. <u>CAUSES OF ACTION</u>

### AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff incorporates paragraphs 1-16 as if fully set forth herein.

18. Based on the foregoing facts, Defendants violated Title VII, 42 U.S.C. '2000e, *et seq.*, the New York State Human Rights Law, Executive Law '292-296, and New York City Human Rights Law, New York City Administrative Code, Title 8, §8-107.

### AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff incorporates paragraphs 1-18 as if fully set forth herein.

20. Based on the foregoing facts, Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. '621, *et seq.*, the New York State Human Rights Law, Executive Law '292-296, and New York City Human Rights Law, New York City Administrative Code, Title 8, §8-107.

### AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff incorporates paragraphs 1-20 as if fully set forth herein.

22. Based on the foregoing facts, Defendants violated Plaintiff's right to be free from discrimination under 42 U.S.C. '1981.

V. <u>JURY DEMAND</u>

23. Plaintiff requests a trial by jury.

VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Honorable Court:

    (a) accept jurisdiction over this case;

(b)     empanel a jury to hear and decide Plaintiff=s claims;

(c)     award to Plaintiff compensatory damages arising from the Defendants' unlawful conduct, including damages for past and future lost wages and benefits and emotional distress, with pre- and post-judgment interest;

(d)     award to Plaintiff punitive damages based on Individual Defendant's malicious and wanton conduct, which was undertaken in reckless disregard of Plaintiff=s rights;

(e)     award to Plaintiff the reasonable costs and attorneys= fees arising from this action, with post-judgment interest; and

(f)     enter any other relief as the Court deems equitable and just.

Dated:  New York, New York
        September 27, 2006

Respectfully submitted,

_____
STEVEN T. SLEDZIK (STS 8869)
JONES GARNEAU, LLP
Attorneys for Plaintiff
641 Lexington Avenue, 20th Floor
New York, New York 10022
(212) 759-2500

6

## VERIFICATION

STATE OF NEW JERSEY                )
                                   ) SS:
COUNTY OF Bergen                   )

     Gwendolyn E. Harris, being duly sworn, deposes and says: that she is the complainant herein; that she has read the foregoing complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, she believes them to be true.

                                                            Gwendolyn E. Harris

Sworn to before me this
28 day of September, 2006.

_____
Notary Public

**LUIS M. OLIVA**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 10/20/2006**

7